BOUTALL, Judge.
This appeal arises from a judgment of the trial court dismissing the plaintiff’s claim against the defendants for damages sustained as a result of a motor vehicle collision.
On or about August 10, 1970 at about 1:40 P.M. Lloyd Jessie was operating his automobile in a westerly direction on U. S. Highway 90 in St. Charles Parish. Travel-ling with him was his wife and their daughter, Rosemary Harry. The plaintiff lost control of his vehicle and crossed the neutral ground area of the highway and collid *1209 ed head-on with a truck being driven by the defendant, Albert Kirkland, travelling in an easterly or opposite direction. Both of the passengers in the automobile were killed and both Jessie and Kirkland sustained personal injuries. Subsequently, Jessie and his seven children as well as Ernest Harry and his children filed suit against numerous defendants for the recovery of damages sustained as a result of the accident. As a result of a settlement agreement entered into between several of the parties as well as various preliminary judgments of dismissal there were only a few defendants that remained in the proceeding. They consist of: Kirkland, as the driver of the other vehicle involved in the collision, A. Maenza & Son (hereinafter referred to as Maenza) as the employer of Kirkland and the owner of the truck, and their insurer Gulf Insurance Co. (hereinafter referred to as GIC). The defendants answered denying that they owed any liability and further alleged that Jessie was contributorily negligent. Also, Kirkland and GIC filed a third party demand against Interstate Fire and Casualty Co. seeking either indemnity or in the alternative contribution for any liability that the former may owe unto the plaintiffs.
Upon trial of this matter, the lower court entered judgment against the plaintiffs thereby dismissing their claim for damages. The court found that Kirkland was not negligent and further that Jessie was negligent in causing the collision. From this judgment the plaintiffs have appealed.
After reviewing the record before us we conclude that the trial court’s findings regarding liability of the various parties is not manifestly erroneous nor does it represent an abuse of discretion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). We adopt his reasons for judgment and we affirm.
AFFIRMED.